IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA MONCRIEF,

    Plaintiff,

vs.                                      Case No. 06-1047-JTM

THE TERMINIX INTERNATIONAL
COMPANY LIMITED PARTNERSHIP,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's Motion to Compel Arbitration and Stay Proceedings (Dkt No. 12) and Motion for Rule 11 Sanctions (Dkt. No. 23). Defendant argues that plaintiff's employment contract mandates arbitration of her Family Medical Leave Act ("FMLA") claim. Plaintiff responds that she may still pursue a remedy through the courts. In a motion for sanctions, defendant represents that plaintiff's counsel should not have filed an amended response to the Motion to Compel Arbitration and Stay Proceedings. Defense counsel argues that no existing law permits amendment and that plaintiff's counsel misstates legal precedent and settled law. After reviewing the parties' arguments, the court finds that plaintiff must arbitrate her claim. Separately, the court denies defendant's request for sanctions.

**I. BACKGROUND**

Defendant Terminix is a national termite and pest control company engaged in interstate commerce. Terminix has branch offices throughout the United States and operates in the State of

Kansas. On February 5, 2002, Terminix hired plaintiff Cynthia Moncrief as an Inside Sales Representative for its Wichita, Kansas facility. As a condition of her employment, Moncrief entered into an Employment Agreement and an Arbitration Agreement with Terminix, which includes provisions requiring mediation and arbitration of certain disputes between the parties.

Terminix employees receive payroll checks that are processed and issued from Terminix's corporate headquarters located in Memphis, Tennessee. This office administers most of the employee benefits for Terminix employees. Inside Sales Representatives, like Moncrief, use many products to perform their duties, and sell many products, that come from outside of the State of Kansas.

On February 4, 2003, Terminix discharged plaintiff for excessive absenteeism. Nearly three years later, plaintiff filed an action in Sedgwick County State Court alleging she was terminated in violation of the FMLA. Defendant removed the action to federal court.

**II. ARBITRATION**

The central issue is whether Moncrief must arbitrate her FMLA claim in accordance with her Employment and Arbitration Agreement. The court answers yes.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (1990), governs the contours of the parties' arbitration agreement. Section 2 of the FAA provides that a written contract involving commerce that includes an arbitration provision shall be valid, irrevocable and enforceable. 9 U.S.C. § 2. Where a dispute pending in the courts may be referred to arbitration, a party may petition a district court for an order compelling arbitration. 9 U.S.C. §§ 3, 4. If the court determines that the matter may properly be referred to arbitration, the court shall so direct and stay any pending judicial proceedings. 9 U.S.C. § 3. *See Dean Witter Reynold, Inc. v. Byrd*,

470 U.S. 213, 218, 105 S. Ct. 1238, 1241 (1985) (noting that the FAA mandates arbitration on issues where an arbitration agreement has been signed).

Determining whether parties agreed to arbitrate a particular dispute is an issue for judicial determination. *AT&T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Federal policy favors arbitration and "requires a liberal reading of arbitration agreements." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23 n. 27, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Doubts as to the scope of arbitrable issues should be resolved in favor of arbitration. *See id.* at 24-25, 103 S.Ct. 927; *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995). District courts defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute ... doubts should be resolved in favor of coverage." *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

The Supreme Court permits compelled arbitration for alleged violations of federal employment statutes where a valid employment contract so requires. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 111 S. Ct. 1647, 1651 (1991) (concluding that there is no evidence that the Age Discrimination in Employment Act precludes arbitration of claims). The Tenth Circuit follows this approach. *See McWilliams v. Logicon*, 143 F.3d 573, 576 (10th Cir. 1998) (noting that there is nothing in the Americans with Disabilities Act that prohibits arbitration of claims under the FAA); *Metz v. Merrill Lynch, Pierce, Fenner, & Smith*, 39 F.3d 1482, 1487-88 (10th Cir. 1994) (holding that Title VII claims are subject to mandatory arbitration and that the FAA did not preclude arbitration).

Here, plaintiff signed a valid employment contract that compelled arbitration of employment disputes. Plaintiff does not dispute the validity of the contract. The relevant provision provides:

> **Agreement to Mediate and Arbitrate.** The Employer and Employee agree that, to the fullest extent permitted by law, any and all disputes between them will be submitted to mediation upon terms mutually agreeable to both parties. In the event the parties do not resolve such controversies through mediation, then the Employer and Employee agree that, to the fullest extent permitted by law, any and all controversies between them will be submitted for resolution to binding arbitration in accordance with the attached Arbitration Agreement, which is incorporated herein by reference. *The parties understand and agree that in the event mediation is unsuccessful, then arbitration will be the exclusive forum for the resolving disputes between them, including statutory claims and all disputes arising out of the employment relationship and the termination of such relationship. The Employee and Employer expressly waive their entitlement, if any, to have controversies between them decided by a court or jury. The attached Arbitration Agreement is incorporated herein.*

(Terminix Employment Agreement, ¶ 5) (emphasis added). The employment agreement also included an attachment providing the following:

> **Agreement to Arbitrate All Employment Disputes.** Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision. Any dispute arising out of Employee's employment with Employer, including termination of employment and all statutory claims, will be submitted to binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes, or as mutually agreed. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury.

(Terminix Employment Agreement, Attachment ¶ 1). The broad arbitration provision requires employment disputes, such as those involving FMLA, be resolved through mediation and private arbitration. Thus, under the FAA, the court directs the parties to arbitration.

Plaintiff's recitation of *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005), is of no avail. Plaintiff cites the case for the proposition that a party may not be subject to an

4

arbitration provision under certain circumstances. *Id.* In *Taylor*, an employee took a severance package that included a broad waiver provision encompassing her FMLA claims. *Id.* at 367-68 The court ruled that Taylor could still pursue her substantive and proscriptive FMLA claims because the waiver violated Department of Labor regulation 29 C.F.R. § 825.220(d), which prohibits an employer from waiving or inducing an employee to waive their rights under the FMLA. *Id.* at 371.

Here, plaintiff's action involves a valid and enforceable employment contract, not a severance package. The court in *Taylor* was clear that the FMLA and its regulations do not preclude employees from agreeing to arbitrate their FMLA case. The Fourth Circuit generally recognizes arbitration provisions in employment contracts apply to FMLA claims. *Id.* at 372 (noting that agreeing to submit a claim to arbitration is entirely different from agreeing to waive a claim); *O'Neil v. Hilton Head Hospital*, 115 F.3d 272, 273, 276 (4th Cir. 1997) (finding that a general arbitration clause in an employment agreement applied to claims asserted under the FMLA). Accordingly, *Taylor* is not applicable here.

## II. RULE 11 SANCTIONS

Rule 11 provides a means by which federal courts may impose sanctions on persons who made representations to the court. Fed. R. Civ. P. 11(b)-(c). The Rule states:

> to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable

opportunity for further investigation or discovery . . .

Fed. R. Civ. Pro. 11(b).  A person's actions must be objectively reasonable to avoid Rule 11 sanctions.  *Scott v. Boeing Co.,* 204 F.R.D. 698, 700 (D. Kan. 2002) (citing *White v. General Motors, Inc.,* 908 F.2d 675, 680 (10th Cir. 1990)).  It is insufficient that an attorney has a subjective, good faith belief that an argument has merit. *Id.* (citation omitted).  Rather, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White,* 908 F.2d at 680.  It is within the court's discretion to determine whether a claim or argument is warranted by law.  *Augustine v. Adams,* 88 F. Supp.2d 1169, 1174 (D. Kan. 2000) (citation omitted). "[T]he primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." *White,* 908 F.2d at 684.

Plaintiff states that he understood defendant may request sanctions for violation of the statute of limitations.  However, defendant brings this motion based on plaintiff's filing a "frivolous" amended response and misstating legal precedent.  Although the court ultimately agreed with defendant's interpretation of the law, the court does not find plaintiff's interpretation of case law requires sanctioning.  Plaintiff may present arguments asking the court to apply a rule from a particular case more broadly.  Even if this is in contradiction to existing precedent, plaintiff should not be sanctioned for taking such approach.  The mere fact that the court sided with the moving party does not mandate the conclusion that plaintiff's claims were frivolous or not warranted by existing law.  *Thompson v. United Transportation Union,* 167 F. Supp.2d 1254 (D. Kan. 2001).

IT IS ACCORDINGLY ORDERED this 27th day of June 2006, that the court grants

defendant's Motion to Compel Arbitration and Stay Proceedings (Dkt. No. 12) and denies defendant's Motion for Rule 11 Sanctions (Dkt. No. 23).

                                               s/ J. Thomas Marten
                                               J. THOMAS MARTEN, JUDGE